Ruffin, Chief Justice.
 

 Although the facts stated in the record are not precisely the same, nor as strong as they were when the case was formerly before us, 4 Dev. & Bat. 129, yet we concur with his Honor in thinking, that enough does not appear to take the case out of the statute of limitations, according to the former decisions.
 

 The whole question turns on the testimony of the witness (McKesson,) who testified for the plaintiff on both trials. Not the least remarkable circumstance in the case is the difference in the ¡statements of that person’s testimony upon the two trials. On the first he is made to say, that the defendant
 
 refused to pay the debt;
 
 and moreover, that, after offering to pay $500, the defendant declared, that, if the ■plaintiff would not take that sum, he would pay no more,
 
 *292
 
 and
 
 would plead the statute of limitations.
 
 We thought cleal'ly¡ diat such refusal to make payment and express relianee on the statute, repelled all idea of a promise to pay. rphe witness now omits all that he then said on the subject of the defendant’s express refusal to pay, and of his pleading the statute. Perhaps few circumstances could more strikingly exemplify and illustrate the correctness of the rules adopted by us, than these discrepancies. They show the propriety of requiring something more than language, which, by straining, may be made to mean an acknowledgment of the debt; something explicit and unequivocal, that might not have been intended in one sense by the speaker, and understood or misunderstood in another sense by the witness. Hence we have thought it proper at different times to say ‘íthat no acknowledgment is sufficient, uuless it furnish a plain inference, that the defendant thereby intended to engage to pay the debt:” “ that it ought to be such an acknowledgement as would be evidence to sustain an action on it as a special promise:” “that besides acknowledging the debt to have been contracted, and that it is not paid, there ought to be something to indicate an existing willingness or intention to pay or to remain bound;” expressions varying, • indeed, in the terms used, but of the same import and meaning. Probably, if there be an explicit acknowledgment of a debt, and a distinct admission that it has not been paid but still exists, and nothing more be said about the mode or time of payment as proposed by the debtor, or of his objection to pay upon the ground of the statute or some other defence, then such unqualified admissions might go to the jury as evidence of a new promise. But if the language of the party be so vague and indeterminate as not, in itself, to amount to a promise, or to satisfy the mind, either from its own terms or something referred to, what the party meant to engage, we think there is nothing to repel the statute. In the case, as now appearing, it is not pretended that there is an express promise to pay. Neither do we think there is a fair, much less a plain inference or implication of a promise. The witness proposed to the defendant, that, if he would pay the principal, the interest should be forgiven. That was not
 
 *293
 
 accepted by the defendant; but he, in turn, requests the witness to buy the debt for $500, and expresses the opinion, creditor will take that sum. It cannot be reasonably assumed, after the detendant had declined availing himself of the first proposition, so favorable to him, that immediately he should intend by his own proposition to acknowledge and assume the whole debt, principal and interest, or indeed any part of it, except upon the footing of his new and conditional offer, which has not been accepted on the other side. The language of the defendant purports to be in the nature of a proposition of compromise, and of his desire that the witness should befriend him in buying his peace, rather than an acknowledgment of his legal obligation and willingness to pay the debt in question. But to repel the bar of the statute the words ought not to leave the meaning in doubt, but should plainly indicate the intention to assume or renew the obligation for the debt.
 

 Per Curiam. Judgment below affirmed.